IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SCOTT MILES                                                        PLAINTIFF

v.                                   CIVIL ACTION NO. 3:17-cv-453 WHB-LRA

CHARLIE W. MORGAN, JR. STATE FORESTER
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AND
RUSSELL BOZEMAN, ASSISTANT STATE FORESTER
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES           DEFENDANTS

## COMPLAINT
### Jury Trial Demanded

COMES NOW THE PLAINTIFF, Scott Miles, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act (FLSA) against the Defendants, Charlie W. Morgan, Jr., State Forester in his Official and Individual Capacities and Russell Bozeman, Assistant State Forester, in his Official and Individual Capacities. In support of this cause, Plaintiff will show unto the court the following, to wit:

### PARTIES

1. The Plaintiff, Scott Miles, is an adult male resident of Stone County, Mississippi, residing at 70 Korba Road, Wiggins, Mississippi.

2. Defendant Charlie Morgan is the director of the Mississippi Forestry Commission, operating primarily at 660 North Street, Suite 300, Jackson, Mississippi.

3. Defendant Russell Bozeman is the assistant director of the Mississippi Forestry Commission, operating primarily at 660 North State Street, Suite 300, Jackson, Mississippi.

## JURISDICTION AND VENUE

4. This Court has Federal Question Jurisdiction and Venue is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## STATEMENT OF THE FACTS

5. Plaintiff was employed by the Mississippi Forestry Commission as a Law Enforcement Officer, beginning in about 1992, and was a permanent state service employee.

6. Plaintiff primarily investigated suspected arson(s) of forest areas.

7. Plaintiff was vested with powers of arrest and met the description of an employee "...in law enforcement activities," pursuant to 29 C.F.R. § 553.211(a).

8. The Mississippi Forestry Commission employed more than 5 (five) employees in law enforcement activities or fire protection activities, making plaintiff subject to the FLSA pursuant to 29 U.S.C. § 213(b)(20).

9. Plaintiff was required to report overtime which was recorded and treated as compensatory time under the FLSA. The commission maintained records of

this compensatory time that was banked. Defendants operated under the policy of the State Personnel Board, which allowed for the bank of FLSA compensation time and for payment of such to the employee upon termination of employment.

10. No 7(k) system, an exception for law enforcement set up pursuant to 29 U.S.C. § 207(k), had been instituted and as such any time over forty hours worked in a week was required to have been compensated at one and one-half the Plaintiff's hourly rate per hour.

11. The Mississippi legislature cut the budget of the commission, and as such, Plaintiff was laid off from employment on or about July 31, 2016, due to a reduction of force related to budget cuts.

12. Upon termination from employment and according to the aforementioned records, Plaintiff had accrued and banked approximately 121 hours of compensatory time.

13. Plaintiff was provided his last paycheck from the Mississippi Forestry Commission, which did not include pay for the approximate 121 hours of banked compensatory time. Plaintiff has yet to be paid this money.

14. Plaintiff demanded to be paid for his compensatory time, in accordance with law, and was told this banked compensatory time would not be paid.

15. Plaintiff has reason to believe this denial of payment is in retaliation for past instances involving him and Defendants relating to implementation of

procedures for the commission's law enforcement officers, and so the money would not be taken from the commission's budget in the time of budget cuts.

16. The Mississippi State Employee Handbook addresses FLSA compensatory time and does not allow a department head to deny paying an employee for their banked compensatory time upon the employee's termination.

17. Plaintiff was denied property he had accrued as a result of bad faith actions on the parts of the Defendants.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. Upon termination of employment, Plaintiff was legally entitled to pay for all banked compensatory time in accordance with 29 U.S.C. § 207(4).

19. Defendant willfully and intentionally failed to pay Plaintiff the money owed to Plaintiff for hours earned in violation of the FLSA upon being laid off from his employment.

## PRAYER FOR RELIEF

20. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon hearing of this matter, Plaintiff be granted the following relief in an amount to be determined and in accordance with the Fair Labor Standards Act:

    a. Actual damages for unpaid compensatory time;
    b. An amount equal to the award of Actual Damages as Liquidated Damages;

c. Attorney fees;

d. Other Relief as the Court may determine proper and appropriate for Plaintiff under applicable Law and/or Regulation.

This the 5th day of June, 2017,

Respectfully Submitted,

Scott Miles

By: _____
Francis S. Springer, Esq.

ATTORNEY FOR PLAINTIFF:

Francis S. Springer
MSB# 103974
SPRINGER LAW OFFICE, PLLC
213 S. Lamar Street
Jackson, MS 39201
P.O. Box 1280
Madison, MS 39110-1280
Phone: 601-605-5004
Facsimile: 877-605-5004
Email: springerlawoffice@gmail.com